GULOTTA, Judge.
Jeffery Lewis, indicted for violation of LSA-R.S. 14:30.1, second degree murder, was found guilty of manslaughter. Following a multiple bill hearing, the trial judge imposed a thirty-five year sentence.
We affirm.
Appealing, defendant claims the trial judge erred in: 1) sustaining State hearsay objections to questions posed by the defense, 2) sustaining the State’s objection to a question posed by the defendant, and 3) allowing the State to rehabilitate a witness prior to an attack on the witness’s credibility-
Before discussing defendant’s assignments of error,[1] we have reviewed the record for errors patent and have found none.
ASSIGNMENTS OF ERRORS 2, 3 and 4
Assignment of Error Two deals with the defense’s cross examination of the investigating officer about his conversation with a *73 witness who had seen the deceased on the evening prior to the shooting. The specific question asked was as follows:
Q. “Did your investigation indicate any type of animosity or disagreement between Ms. Bertrand and the deceased, Alvin Comeaux?”
The State objected to this line of questioning on the grounds of relevancy. The trial judge then sustained the objection on hearsay grounds.
Assuming the trial judge erred in his ruling since the witness could have answered the defense’s question based upon observations of Bertrand’s behavior without reference to out-of-court statements, and also because Bertrand’s like or dislike of the victim was minimally relevant in the determination of defendant’s guilt, we conclude this error is harmless.
In Assignment of Error Three, defendant claims the trial judge erred in sustaining the State’s hearsay objection to the following question posed by the defense to the investigating officer concerning the conduct of the victim’s father.
Q. “Did the father of the deceased, to the best of your knowledge, walk around with a photograph of Jeffrey Lewis and threaten people to come forward?”
If the witness had actually observed the victim’s father carrying Lewis’s photograph, he would have been able to answer the question. However, an examination of the record indicates that the investigating officer had no contact with the father. Furthermore, the witness could not testify as to whether or not threats were made against other people since he would have had to rely on out-of-court statments. Again, however, assuming that the trial judge erred, we consider this error harmless.
In Assignment of Error Four defendant likewise complains of further restriction of his examination of the witness. The State objected to the following questions posed by the defense to the investigating officer concerning the scene directly after the shooting:
Q. “To the best of your knowledge, you don’t know whether [people in the nearby grocery store] they had come out or not after the shooting?”
BY THE COURT:
“Sustained.”
Q. “Did your investigation indicate that anybody had or had not gone by the body?”
BY THE STATE:
“I’m going to object.”
BY THE COURT:
“Sustained.”
Because the transcript reflects the investigating officer had earlier testified that he had found no witnesses present when he arrived at the crime scene, we do not find the defendant was prejudiced by the curtailment of this repetitive testimony. Accordingly, we find this assignment without merit.
ASSIGNMENT OF ERROR SIX
In this assignment, defendant contends the trial court erred in sustaining the State’s objection to the following question posed by the defense to a defense witness regarding her observation as to whether or not the victim was armed:
Q “Ma’am, do you recall whether the policeman even asked you if he had a gun or not? Comeaux.”
A “If he did, I don’t remember.”
Q “If he had asked you, what would you have told him?”
A “Yes, I seen the gun.”
BY THE STATE:
“Objection, speculation, It didn’t happen.”
BY THE COURT:
“She can’t answer that.”
BY DEFENSE COUNSEL:
“He’s been attacking her credibility this entire time.”
BY THE COURT:
“As to what she would have said? Speculating.”
We are in agreement with the trial judge that the question elicits a speculative response. Further, this assignment of error is moot. The witness answered the question.
*74 Accordingly, this assignment is without merit.
ASSIGNMENT OF ERROR EIGHT
In this assignment, defendant contends the trial judge erred in allowing the state to rehabilitate its witness, Leona Grandson, before her credibility was attacked as required by C.Cr.P. Art. 15:484. The defense based its objection on the following direct examination testimony:
Q “Ms. Grandson, do you know Alvin Comeaux [the victim] very Well?”
A “I know him."
Q “How long have you known him?”
A “Well, I’ve been in the neighborhood about twelve or thirteen years, something like that?”
Q “Do you know Jeffery Lewis?”
A “No, I don’t.”
Q “Ms. Grandson, on that night, did you see Alvin Comeaux show a gun and flash a gun in your bar?”
A “No, I did not.”
Q “Did you tell anybody later on, let’s cover this whole thing up, I don’t want to talk to the police, or anybody?”
A “No, I did not.”
Q “Would you have done that?”
A “No.”
Q “Would you do that to protect Alvin Comeaux’s good name?”
A “No, I wouldn’t.”
Q “Would you do it to protect your establishment somehow?”
A “No.”
Q “Do you have any grudge or score to settle with this man who stands before the court?”
BY DEFENSE COUNSEL:
“Objection. Leading, Your Honor.”
BY THE COURT”
“It’s overruled. You can answer that.”
BY DEFENSE COUNSEL:
“I object on the grounds that he’s rehabilitating his witness before the witness is cross examined.”
BY THE COURT:
“It’s overruled.”
LSA-R.S. 15:484 provides, “Before a witness has been sworn he can be neither corroborated or impeached, nor is testimony to establish the credibility of a witness admissible until that credibility has been attacked”.
In the instant case, the testimony indicates an attempt by the State to establish the credibility of its witness on direct examination prior to an attack of that credibility. Since this is expressly prohibited by statute, the trial court erred in overruling defendant’s objection. Nonetheless, because the defendant has not shown any prejudice resulting from- the trial court’s ruling, we did not consider this error to be reversible. See State v. Lane, 414 So.2d 1228 (La.1982); State v. Boyd, 359 So.2d 931 (La.1978). Accordingly, this assignment is without merit.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In his brief, defendant concedes that assignments of error 1, 5, and 7 are moot. Further, defendant abandons assignment of error 9.